# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOSHUA L. ALGER, SR.,

        Plaintiff,                      Case Number: 2:19-12889
                                                Honorable Nancy G. Edmunds

v.

DUNCAN MACLAREN, et al.,

        Defendants.
_____/

## **OPINION AND ORDER OF PARTIAL DISMISSAL**

### I. Introduction

This is a *pro se* civil rights case filed under 42 U.S.C. § 1983. Joshua L. Alger, Sr., is a Michigan state prisoner currently incarcerated at the Ionia Correctional Facility in Ionia, Michigan. Alger, who is proceeding *in forma pauperis*, alleges violations of the Eighth and Fourteenth Amendments, and 42 U.S.C. §§ 1985 & 1986.

Alger names thirty-six employees of the Michigan Department of Corrections (MDOC) as defendants: (1) Duncan MacLaren; (2) McDowell; (3) Blemke; (4) Jerry Harwood; (5) Patrick Harrington; (6) Vansloten; (7) Theut; (8) O'Brien; (9) Unknown Records Office Supervisor (Kinross Correctional Facility("Kinross")); (10) Unknown Warden (Chippewa Correctional Facility

("Chippewa")); (11) Unknown Captain (Chippewa); (12) Unknown Unit Chief (Chippewa); (13) Unknown Records Office Supervisor (Transfer Coordinator) (Chippewa); (14) Deputy Warden Floyd; (15) Unknown R.U.M (Cotton Correctional Facility ("Cotton")); (16) Chadwell; (17) Unknown Records Office Supervisor (Cotton); (18) Unknown Captain (Cotton); (19) Unknown Correction Officer (Cotton); (20) Unknown Medical Provider Doctor (Cotton); (21) M. Howard; (22) T. Mackie; (23) T. Ball; (24) Thomas; (25) Jason Erway; (26) Goodspeed (Hearing Investigator); (27) Peltier, Corrections Officer; (28) Jason Mucha; (29) Randall Haas (Deputy Warden); (30) G. Stephenson (Deputy Warden); (31) Stanley Kinner; (32) Walsh; (33) Bridges (Hearing Investigator); (34) Mona Golson; (35) Greason; (36) Unknown Records Officer Supervisor (Macomb Correctional Facility).

He seeks monetary, declaratory, and injunctive relief. For the reasons discussed below, the Court dismisses Alger's claims filed under the Eighth Amendment, 42 U.S.C. §§ 1985 & 1986, the Religious Freedom Act, his claims against defendants in their official capacities, and defendants: (1) Duncan MacLaren; (6) Vansloten; (7) Theut; (8) O'Brien; (9) Unknown Records Office Supervisor (Kinross);(10) Unknown Warden; (11) Unknown Captain; (12) Unknown Unit Chief; (15) Unknown R.U.M. (Cotton); (16) Chadwell; (17)

Unknown Records Office Supervisor (Cotton); (20) Unknown Medical Provider Doctor (Cotton); (21) M. Howard; (22) T. Mackie; (23) T. Ball; (26) Goodspeed; (29) Randall Haas (30) G. Stephenson; (31) Stanley Kinner; (32) Walsh; (33) Bridges; (34) Mona Golson; (35) Greason; and (36) Unknown Records Officer Supervisor.

## II. Factual Allegations

According to the complaint, the occurrences giving rise to this lawsuit occurred at five different correctional facilities over a span of over three years, from June 2016 through today.[1] The events complained of appear to have been precipitated by a misconduct ticket issued in June 2016 by defendant McDowell, a corrections officer at the Kinross Correctional Facility. McDowell, Alger alleges, issued the ticket in retaliation for Alger's threat of litigation. Alger was found guilty of the misconduct by defendant hearings officer Theut. Theut sentenced Alger to 30 days top lock and 30 days loss of privileges.

Alger alleges that, following the misconduct hearing, defendant corrections officer Mills falsified two misconduct tickets and planted contraband in Alger's

---

[1] In the section of the form complaint designated for identifying the location(s) where the events giving rise to the claims arose, Alger identifies four correctional facilities (Kinross, Chippewa, Macomb, and Cotton). (ECF No. 1, PageID.41.) The complaint also names defendants located at a fifth correctional facility, Oaks Correctional Facility in Manistee.

3

cell to provide the basis for another misconduct ticket. Defendant corrections offer Blumke failed to provide him with proper notice of the new misconduct allegation, and, according to the complaint, defendant corrections officer Harwood and Harrington increased Alger's security level in retaliation for his threatening to take legal action against defendant McDowell. Defendant hearings officer O'Brien found Alger guilty of the three additional misconduct charges and imposed 20 days detention and 90 days loss of privileges.

Alger was then transferred to the Chippewa Correctional Facility. He claims his transfer was part of a conspiracy by defendants Jerry Harwood and Patrick Harrington, among others, caused a security level increase, violated due process, and placed him in physical danger and mental distress. He alleges that staff at the Chippewa Correctional Facility conspired to deny him mental health treatment, access to the courts, charge him with false misconducts and transfer him in retaliation for filing grievances about the conditions of his confinement.

At some point, Alger was transferred to the Cotton Correctional Facility.[2] He claims defendants Chadwell and an unknown records office supervisor conspired to initiate his transfer to a different facility and to improperly place him

---

[2] It is unclear from the complaint whether this transfer preceded or followed Alger's confinement in Chippewa.

4

in segregation upon his transfer.

Finally, Plaintiff challenges his transfers to Oaks Correctional Facility and Macomb Correctional Facility.

### III. Legal Standard

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim

is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## IV. Discussion

### A. Official Capacity Claims

Plaintiff sues all the defendants in their official capacities for monetary damages. The Eleventh Amendment, however, bars civil rights actions against a state and its agencies and departments unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "The state of Michigan ... has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it passed § 1983. *Chaz Construction, LLC v. Codell*, 137 Fed. App'x 735, 743 (6th Cir. 2005). Eleventh Amendment immunity "'bars all suits,

whether for injunctive, declaratory or monetary relief against a state and its agencies.'" *McCormick v. Miami University*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Department of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)). Additionally, Eleventh Amendment immunity applies to state employees who are sued in their official capacities. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)). Thus, Plaintiff's claims for monetary damages against the defendants in their official capacities must be dismissed because the defendants are entitled to Eleventh Amendment immunity.

### B. Conspiracy Claim

Alger claims defendants engaged in a conspiracy to deprive him of his constitutional rights in violation of 42 U.S.C. § 1985. To maintain a cause of action under 42 U.S.C. § 1985, a plaintiff must allege the following elements:

> (1) a conspiracy involving two or more persons;
>
> (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and
>
> (3) an act in furtherance of the conspiracy;
>
> (4) which causes injury to a person or property, or the deprivation of any right or privilege of a citizen of the United States.

*Smith v. Thornburg*, 136 F.3d 1070, 1078 (6th Cir. 1998) (*citing Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994).

A plaintiff must plead a conspiracy with particularity, as vague and conclusory allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 565 (allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987) (It is "well-settled that conspiracy claims must be pled with some degree of specificity and conclusory allegations unsupported by material facts will not be sufficient to state a claim under § 1983.").

Alger claims defendants engaged in a conspiracy to retaliate against him for filing grievances, increase his security classification, and delay or deny medical and mental health treatment. Alger's allegations of a conspiracy are wholly conclusory and speculative. He alleges no facts to support a finding that any defendant entered into an agreement with any other defendant. His conspiracy claim amounts to "an allegation of parallel conduct and a bare assertion of conspiracy," which, without more, "will not suffice." *Twombly*, 550 U.S. at 556. Without more, "a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality." *Id.* Alger therefore fails to state a plausible claim of conspiracy under § 1985.

"Section 1986 is designed to punish those who aid and abet violations of § 1985." *Browder v. Tipton*, 630 F.2d 1149, 1154 (6th Cir. 1980). Where there is no § 1985 violation, there can be no violation of § 1986. *Id.*

C. **Minimum Pleading Requirements**

Plaintiff fails to satisfy the minimal pleading requirements as to Defendants Unknown Medical Provider Doctor (Cotton); M. Howard, Goodspeed, G. Stephenson, Stanley Kinner, Walsh, Bridges, Mona Golson, Greason, and Unknown Records Officer Supervisor (transfer coordinator), because he makes no specific allegations against them. Basic pleading requirements dictate that a plaintiff must attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 555 (holding that, in order to state a claim, Plaintiff must make sufficient allegations to give a defendant fair notice of the claim); Fed. R. Civ. P. 8(a). A complaint must allege each defendant's personal involvement with the alleged violation of federal rights. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing claims where complaint did not allege which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant). Conclusory allegations are insufficient to state a civil rights claim under § 1983. *See, e.g., Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003).

Other than naming these individuals as defendants, Plaintiff fails to make any specific reference to their particular, alleged involvement in his case.

9

Accordingly, defendants (20) Unknown Medical Provider Doctor (Cotton); (21) M. Howard, (26) Goodspeed, (30) G. Stephenson, (31) Stanley Kinner, (32) Walsh, (33) Bridges, (34) Mona Golson, (35) Greason, and (36) Unknown Records Officer Supervisor will be dismissed.

### D. Hearing Investigators and Officers

Plaintiff names as defendants two hearing officers (Theut and O'Brien) and three hearing investigators (Vansloten, Goodspeed, and Bridges). Michigan prison hearing officers are entitled to "'absolute judicial immunity from liability with respect to their judicial acts.'" *Goldsmith v. Sharrett*, 614 F. App'x 824, 827 (6th Cir. 2015) (quoting *Shelly v. Johnson*, 849 F.2d 228, 229-30 (6th Cir. 1988)). The 1996 amendments to § 1983 extended absolute immunity for state judicial personnel to requests for injunctive or equitable relief. *See* 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable"). Defendants O'Brien and Theut are absolutely immune from suit for their findings and determinations at Plaintiff's misconduct hearings.

Plaintiff's claims against defendant Vansloten are based upon Vansloten's role as a hearing investigator. Plaintiff alleges that Vansloten violated Plaintiff's

10

right to due process by failing to follow prison policy and procedure when investigating the misconduct allegations. Claims under § 1983 can only be brought for "deprivation of rights secured by the constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Joseph v. Curtin*, 410 F. App'x 865, 869 (6th Cir. 2010). Vansloten's alleged failures to comply with an administrative rule or policy do not rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n. 2 (6th Cir. 2007). Thus, Alger fails to state a claim against Vansloten.

Finally, as discussed *supra,* Alger fails to allege any specific misconduct by defendants Goodspeed and Bridges and they are dismissed on that basis.

### E. Security Classification and Prison Transfers

Alger alleges that numerous defendants improperly increased his security classification. His allegations against four of these defendants are inadequate to state a claim.

Prisoners have no constitutional right to be held in a specific security classification. *Olim v. Wakinekona,* 461 U.S. 238, 245-46 (1983). However, a prisoner may have an actionable claim under § 1983 if he can establish that prison officials changed his security classification in retaliation for exercising his First

Amendment rights. *See Hill v. Lapin*, 63 F.3d 468, 473 (6th Cir. 2010) (explaining that the focus is on the "existing right to avoid retaliation for exercising the First Amendment right to file grievances against prison officials" and not on the "nonexistent right to avoid segregated housing and prison transfers").

Alger alleges that the following defendants (among others) improperly arranged for or assisted in his transfer between prisons and/or facilitated his placement in segregation upon transfer: (9) Unknown Records Office Supervisor (Kinross); (15) Unknown R.U.M. (Cotton); (16) Chadwell; and (17) Unknown Records Office Supervisor (Cotton). He claims that the actions of these defendants violated several MDOC policy directives and decisions were made based upon inaccurate, falsified information. Alger does not claim that these defendants acted in retaliation for his exercise of a constitutional right. Absent a claim of retaliatory intent, Alger fails to state a claim for the denial of a constitutional right against these defendants and they will be dismissed.

### F. Supervisory Liability

Defendants Duncan MacLaren, T. Mackie, T. Ball, and Randall Haas may be summarily dismissed because Plaintiff bases his claims against them on their supervisory authority. The doctrine of *respondeat superior* does not apply in §

1983 lawsuits to impute liability onto supervisory personnel, *see Monell v. Department of Social Services of New York*, 436 U.S. 658, 691-95 (1978), unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). A supervisor's failure to supervise, train or control an employee is not actionable under § 1983, unless the plaintiff shows "the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct..." *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 874 (6th Cir. 1982).

Plaintiff fails to allege that Defendants (1) Duncan MacLaren, (22) T. Mackie, (23) T. Ball, and (29) Randall Haas engaged in any "active unconstitutional behavior'" rather than a "'mere failure to act.'" *Shehee*, 199 F.3d at 200 (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). His allegations that these defendants conspired to deprive him of his constitutional rights are conclusory and unsupported by any specific factual allegations. Plaintiff therefore fails to state a claim against them.

G.     **Eighth Amendment Claims**

Plaintiff alleges that he suffered a significant mental breakdown while incarcerated at the Chippewa Correctional Facility which led him to cut his wrists. He claims that defendants (10) Unknown Warden; (11) Unknown Captain; and

13

(12) Unknown Unit Chief failed to provide mental health treatment for him.

"[T]he Eighth Amendment prohibits punishments which, although not physically barbarous, involve the unnecessary and wanton infliction of pain, or are grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (citation omitted) (internal quotation marks omitted). A viable Eighth Amendment claim consists of an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires a plaintiff to show that the deprivations to which he has been subjected deprived him of "the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347 (1981). The subjective component requires the plaintiff to demonstrate that the prison officials acted wantonly, with deliberate indifference to the plaintiff's serious needs. *Farmer*, 511 U.S. at 834. Deliberate indifference exists when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Id.* at 837. The deliberate indifference standard "describes a state of mind more blameworthy than negligence." *Id.* at 835.

Alger claims that the Chippewa defendants failed to assign a prisoner observation assistant to observe him when he was in a suicide segregation cell. As

14

a result, Alger cut his wrists using a bolt with a sharp edge he found lodged in the floor of the cell. He was provided urgent medical treatment at a regional hospital. Following treatment, Alger was returned to the segregation cell where a prisoner observation assistant monitored him. The next morning Alger was transferred to a different facility.

Alger's allegations fail to state a claim of deliberate indifference to his mental health. Over a 24-48 hour period, he was placed in a suicide observation cell and, when he harmed himself, provided urgent medical care. He was transferred from the facility the morning after receiving hospital care for his self-inflicted wounds. Alger fails to allege any way in which these named defendants knew of and disregarded an excessive risk. Alger does not allege that these defendants were aware the segregation cell contained a sharp-edged bolt. Given that Alger was transferred to a different facility less than 24 hours after harming himself, defendants could not reasonably be expected to provide him with meaningful mental health treatment.

Alger fails to state a claim against (10) Unknown Warden; (11) Unknown Captain; and (12) Unknown Unit Chief.

### H. Religious Freedom Act

Alger claims a violation of the Religious Freedom Act. (ECF No. 1 at

PageID.39.) Other than a one sentence reference, he raises no specific factual allegations concerning the exercise of his religion. Alger fails to specify the statute to which he refers, and the Court will not speculate as to the statutory authority under which he seeks relief.

### III. Conclusion

The Court dismisses Alger's claims against the defendants in their official capacities because they are entitled to Eleventh Amendment immunity.

The Court dismisses Plaintiff's claims alleging violations of the Eighth Amendment, 42 U.S.C. § 1985 & § 1986, and the "Religious Freedom Act".

Further, the Court dismisses these defendants: (1) Duncan MacLaren; (6) Vansloten; (7) Theut; (8) O'Brien; (9) Unknown Records Office Supervisor (Kinross);(10) Unknown Warden; (11) Unknown Captain; (12) Unknown Unit Chief; (15) Unknown R.U.M. (Cotton);(16) Chadwell; (17) Unknown Records Office Supervisor (Cotton); (20) Unknown Medical Provider Doctor (Cotton); (21) M. Howard; (22) T. Mackie; (23) T. Ball; (26) Goodspeed; (29) Randall Haas (30) G. Stephenson; (31) Stanley Kinner; (32) Walsh; (33) Bridges; (34) Mona Golson; (35) Greason; and (36) Unknown Records Officer Supervisor.

Plaintiff's remaining claims and defendants survive the Court's initial screening under 28 U.S.C. §§ 1915(e)(2)(B).

**IT IS SO ORDERED.**

Dated: 1-14-20

/s/ Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE