UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOSHUA L. ALGER, SR., <br> Plaintiff, | Case No.: 19-12889 |
| v. | Stephanie Dawkins Davis <br> United States District Judge |
| MCDOWELL, *et al.*, <br> Defendants. <br> _____/ | Curtis Ivy, Jr. <br> United States Magistrate Judge |

# ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND (ECF No. 36) AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 37)

Plaintiff, without the assistance of counsel, filed this prisoner civil rights case on October 3, 2019. (ECF No. 1). The case was later referred to the undersigned for all pretrial proceedings. (ECF No. 20). Before the Court are Plaintiff's motion to extend the time to respond to the motion to transfer case filed by a number of defendants and Plaintiff's motion for appointment of counsel.

A. Motion to Extend

The Court ordered Plaintiff to respond to Defendants' motion to transfer case by July 12, 2021. (ECF No. 35). On May 14, 2021, Plaintiff filed a motion to extend this deadline by 30 days. A motion to extend made before the time to act has expired will be granted on a showing of good cause. Fed. R. Civ. P. 6(b)(1)(A). Plaintiff states he intends to oppose the motion to transfer case but he and his "jailhouse lawyer" currently do not have access to the jail's electronic law

library to conduct legal research due to the COVID-19 jail lockdown. (ECF No. 36, PageID.406).

The Court finds the current lack of access to the electronic law library to be good cause to grant the requested extension. Plaintiff's new deadline to file his response brief is **August 11, 2021**. **Failure to file a response may result in sanctions, including granting all or part of the relief requested by the moving party.**

      B.      <u>Motion for Appointment of Counsel</u>

On May 14, 2021, Plaintiff also filed a motion for the appointment of counsel.

Pursuant to 28 U.S.C. § 1915(e)(1), a federal court may request an attorney to represent an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 258 (6th Cir. 1992). There is no constitutional right to the appointment of counsel in civil cases. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25–27 (1981). Sixth Circuit authority maintains that except in rare circumstances, it is the practice in this Circuit to consider the appointment of counsel in prisoner civil rights cases only where exceptional circumstances exist, or in certain cases only after a motion to dismiss or for summary judgment has been decided. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) ("It is a privilege that is justified only by exceptional circumstances."). In order to make the determination whether there are exceptional

circumstances to appoint counsel, the Court considers the type of case involved, plaintiff's ability to represent himself, as well as the complexity of the case, and also whether the claims being presented are frivolous or have a small likelihood of success. *Reneer*, 975 F.2d at 261; *see also Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1995).

In support of his motion, Plaintiff cites his lack of legal training, the difficulties involved in litigating a case from prison, his mental illness, and the complexity of the issues in this case as necessitating the appointment of counsel. (ECF No. 37, PageID.415-18).

Although Plaintiff brought different claims against many defendants, his claims do not appear overly complex. Moreover, his briefs and other filings with the court demonstrate that he has an adequate understanding of the issues and matters involved in this case, and has an adequate understanding of litigation. The difficulties a prisoner-litigant may have in preparing the case and conducting discovery "are present in every prisoner civil rights case" and such difficulties are not to be considered as necessitating appointment of counsel. *Lafountain v. Martin*, 2009 WL 3255099, at *1 (W.D. Mich. Oct. 5, 2009); *see also Ouellette v. Hills*, 2016 WL 5941829, at *2 (E.D. Mich. Oct. 13, 2016) ("Assistance in conducting discovery does not constitute an exceptional circumstance."). Plaintiff has a variety of discovery tools at his disposal during the discovery period,

3

including conducting depositions by written questions and sending discovery requests to the defendants targeted at identifying and locating witnesses. Thus, his status as a prisoner should not unduly impede his ability to conduct discovery.

Should Plaintiff's lack of access to legal research delay his ability to respond or bring a motion to this Court, he may file a simple request for enlargement of time explaining the circumstances, as he has already done in this matter. Should a dispositive motion be decided in Plaintiff's favor on the merits of his claims, he may re-file the motion for the appointment of counsel.

For the reasons stated above, Plaintiff's motion to appoint counsel (ECF No. 37) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: May 26, 2021                    s/Curtis Ivy, Jr.
                                      Curtis Ivy, Jr.
                                      United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 26, 2021, by electronic means and/or ordinary mail.

                                            s/Kristen MacKay
                                            Case Manager
                                            (810) 341-7850